UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:22-cr-232 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| ALFONZO KANE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

Alfonzo Kane pled guilty to (1) conspiracy to distribute and possess with the intent to distribute cocaine in violation of 21 § U.S.C. 846 (Count One); (2) distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Two); and (3) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Three). On July 6, 2023, the Court sentenced Mr. Kane to 110 months in prison on Counts One through Three, to run concurrently. This sentence was based on a 60-month guideline sentence (because the mandatory minimum of 60 months was higher than the then-calculated guideline range of 46 to 57 months), the parties' plea agreement pursuant to Rule 11(c)(1)(C), and the factors set forth in 18 U.S.C. § 3553(a).

Pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 821 and 822 to the United States Sentencing Guidelines, Mr. Kane filed a motion for reduced sentence. (ECF No. 71.) The United States opposes the motion. (ECF No. 72.)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the Sentencing Guidelines. First, the Court must consider the scope of the reduction authorized by the Amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Mr. Kane seeks a reduction in sentence because, under the Guidelines as amended, he would no longer receive two status points within his criminal history calculation. (ECF No. 71, PageID #469.) Effective November 1, 2023, the Amendment has retroactive effect. *See* U.S.S.G. § 1B1.10(d) & (e)(2). Application of the Amendment lowers Mr. Kane's criminal history points from 5 to 3, changing his criminal history category from III to II. As a result, without a 60-month mandatory minimum applying in this case, a lower guideline range would apply: under the Amendment, the Guideline range would drop from 46 to 57 months to 41 to 51 months.

Application of the Amendment, however, does not lower Mr. Kane's guideline range because the mandatory minimum of 60 months remains above either calculated guideline range—both pre- and post-Amendment. Therefore, 41 to 51 months is *not* Mr. Kane's new guideline range; the guideline sentence remains 60 months. *See* U.S.S.G. § 5G1.2(b) cmt. n.3(B).

Additionally, at sentencing, the Court varied above the 60-month guideline sentence based on the factors under 18 U.S.C. § 3553 and the record as a whole, including the parties plea agreement to a 110-month sentence (ECF No. 67, PageID

#447–48). In doing so, the Court determined that 110 months was the appropriate sentence. Because the guideline range does not change by application of the amendment, and one party to the plea agreement opposes reducing the agreed-upon sentence, the Court determines anew that the application of the factors in Section 3553(a) to the record as a whole results in the same sentence (110 months) being reasonable and appropriate in this case. It is sufficient but not greater than necessary to achieve the purposes of sentencing.

For all these reasons, the Court **DENIES** Mr. Kane's motion to reduce his sentence.

**SO ORDERED.**

Dated: April 10, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio

3